**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

RONNIE DAVIS,

Plaintiff,

v. Case No. 5:26-cv-217-MTT-AGH

RIVERBEND MEDICAL SERVICES, *et al.*,

Defendants.

**ORDER**

*Pro se* Plaintiff Ronnie Davis, a prisoner in Riverbend Correctional Facility in Milledgeville, Georgia, filed a complaint under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff was granted leave to proceed *in forma pauperis* (IFP) and instructed to pay a partial initial filing fee (ECF No. 4). Plaintiff paid the full filing fee but must now recast his complaint.

**INITIAL REVIEW OF PLAINTIFF'S COMPLAINT**

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). A *pro se* prisoner complaint is subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *Id.*

Here, Plaintiff names Riverbend Medical Services and the Riverbend Medical Director as Defendants. Complaint 1, 3, ECF No. 1. Plaintiff has been suffering

with cartilage damage to his pinky finger since 2022. *Id*. at 4. Plaintiff stated that "GEO Riverbend Medical . . . deemed it too severe for GEO to treat." *Id*. Plaintiff was thus referred to three different private medical providers outside of the prison for evaluation and treatment. *Id*. On February 27, 2026, Plaintiff was informed by Piedmont-Newton Medical "that amputation was [his] only option." *Id*. Plaintiff complains that the "diagnosis of amputation is contradictory to GEO Riverbend's prior practice of in-house operation performed by Dr. Cesar Siska that was successfully performed in less [than] 30 minutes." *Id*. at 4-5. Plaintiff requests "[i]mmediate care and surgery to repair [his] pinky finger;" continued care and rehabilitation to be performed by a licensed hand specialist; and "2.5 million dollars for the potential of loss of [his] finger." *Id*. at 5.

As a preliminary matter, Plaintiff never alleges Defendants were personally involved in determining that his finger may need amputation or that they have done anything as to the medical care for his finger other than refer him to three outside specialists. *Id.* at 4. A district court properly dismisses a claim when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) ("[S]ection 1983 requires proof of an

affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation.") (quotations and citations omitted). Because Plaintiff does not link his claims to Defendants, his claims are subject to dismissal.

To any extent that Plaintiff brings his claims against Defendants based solely upon supervisory roles, he still fails to state a viable claim. It is well-settled in the Eleventh Circuit that supervisory officials cannot be held liable under § 1983 solely on the basis of *respondeat superior* or vicarious liability. *See, e.g., Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous.") (quotations and citation omitted). Instead, to establish liability against a supervisor, a plaintiff must allege facts showing a causal connection between the supervisory defendants' actions and an alleged constitutional violation such as the supervisor personally participated in the alleged constitutional violation, directed their subordinates to act unlawfully, or knew their subordinates would act unlawfully but the supervisor failed to stop them. *Keating*, 598 F.3d at 762. Here, Plaintiff fails to allege a causal connection between any action of Defendants in a supervisory role and the medical care of which he complains and, therefore, his claims are subject to dismissal. *See Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866-67 (11th Cir. 2008) (rejecting claim where the plaintiff failed to allege decision making officials took specific actions amounting to a constitutional violation); *see also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th

Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

Finally, the Court construes Plaintiff's allegations as attempting to assert an Eighth Amendment claim of deliberate indifference to a serious medical need. To state a deliberate indifference to a serious medical need claim, Plaintiff's factual allegations must show "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009) (citation omitted). An appendage that a physician stated needs amputation can reasonably be considered a serious medical need. Thus, Plaintiff meets the first element. To establish the second element, a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that his own conduct put the inmate at substantial risk of serious harm[;]" (2) disregarded that risk; and (3) "acted with subjective recklessness as used in the criminal law[.]" *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc) (quotations and citations omitted). Subjective awareness requires that the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). To establish a particular "defendant acted with 'subjective recklessness as used in the criminal

law'" the plaintiff must allege "that the defendant was subjectively aware that his own conduct put the plaintiff at substantial risk of serious harm[.]" *Wade*, 106 F.4th at 1255.

The final prong of a deliberate indifference to a serious medical need claim simply requires "that a defendant have a causal connection to the constitutional harm." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007) (citation omitted). "[A]s with any tort claim, [the plaintiff] must show that the injury was caused by the defendant's wrongful conduct." *Id.*

Here, Plaintiff's allegations that he was referred to three outside specialists and that one of these specialists determined that the only treatment for his injured finger is amputation fails to demonstrate deliberate indifference or causation on behalf of his named Defendants. Furthermore, Plaintiff appears to assert that he would prefer surgery to repair his finger rather than amputation. Compl. 4. Although the Constitution requires that prisoners be provided with a certain minimum level of medical treatment, the type of medical care is discretionary and a prisoner is not guaranteed the treatment of his choice. *See Jackson v. Fair,* 846 F.2d 811, 817 (1st Cir.1988); *Brown v. Thompson,* 868 F. Supp. 326 (S.D. Ga. 1994). Where an inmate has received medical treatment, and the dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. *See Harris v. Thigpen,* 941 F.2d 1495, 1507 (11th Cir.1991) ("when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation"); *see also Adams v.*

*Poag,* 61 F.3d at 1543 (11th Cir. 1995) ("[T]he question of whether government actors should have employed additional . . . forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).

In sum, it appears that Plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915A for failure to state a claim for which relief may be granted. But as Plaintiff is *pro se*, the Court will afford him a chance to remedy the defects with his complaint. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010). Therefore, Plaintiff is now required to submit a recast complaint if he wishes to proceed. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. It is recommended that, when drafting his statement of claims, Plaintiff provide responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

(1) *How* and *when* did Defendants become aware of your injuries?

(2) *What* did Defendants do (or not do) in response to this knowledge that was deliberately indifferent to your medical need?

(3) Is any Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?

Plaintiff must recast his complaint on the Court's standard § 1983 complaint form. Plaintiff must honestly and completely answer every question presented on

the standard form. Plaintiff is notified that **one operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013); *Barber v. Krepp,* 680 F. App'x 819, 821 n.2 (11th Cir. 2017) (declining to consider allegations in *pro se* petitioner's initial pleading since it would have been superseded by the subsequent amended pleading). Thus, Plaintiff's recast complaint will take the place of the previous complaints (ECF Nos. 1, 6) filed in this civil action. In other words, the Court will not refer to these previous complaints to see if Plaintiff stated a viable claim. Any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff previously alleged it in another filing. Plaintiff is advised that if he fails to link a named Defendant to a claim, the claim will be dismissed. If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed. *See* Fed. R. Civ. P. 20; *Toenniges v. Warden*, 672 F. App'x 889, 890 (11th Cir. 2016) (citing Fed. R. Civ. P. 20(a)) (holding district court did not abuse its discretion in dismissing as improperly joined claims against two defendants which did not "arise out of the same transaction, occurrence, or series of transactions or occurrences".).

Plaintiff should state his claims as simply as possible. He need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. ***The recast complaint cannot be longer than ten pages***. Plaintiff is not to include any exhibits or attachments or

file supplements to his complaint that would take his complaint beyond this page limit.

## CONCLUSION

Plaintiff is **ORDERED** to recast his complaint as instructed above and he shall have **FOURTEEN (14) DAYS** from the date of this Order to do so. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in dismissal.** There will be no service of process in this case until further order of the Court. The Clerk of Court shall forward Plaintiff a standard § 1983 form along with his service copy of this order (with the civil action number showing on all) for Plaintiff's use in complying with the Order of the Court.

**SO ORDERED** this 1th day of September, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE